UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT A. SLAVIN,                               )
                                                )
        Plaintiff,                              )
                                                )
        vs.                                     )          Case No.  4:05CV1968MLM
                                                )
STATE FARM MUTUAL AUTOMOBILE                    )
INSURANCE COMPANY,                              )
        Defendant.                              )

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiff's Motion to Remand. [Doc. 7]

On or about September 20, 2005 plaintiff filed a Petition in the Circuit Court in the City of

St. Louis in Cause No. 052-10332. This original Petition alleges plaintiff suffered personal injury

in a motor vehicle accident caused by the negligence of an underinsured motorist. The original

Petition alleges State Farm Mutual Automobile Insurance Company provided underinsured

motorist coverage to plaintiff under a policy issued to plaintiff in the amount of $100,000 per

person and $300,000 per occurrence. The original Petition further alleges that plaintiff suffered

numerous injuries and has incurred medical expenses in excess of $10,000 and prays for damages

"in excess of $25,000." Plaintiff filed a First Amended Petition as an exhibit to his Motion to

Remand seeking judgment against defendant for such sum as is fair and reasonable "in excess of

$25,000 but less than $75,000." Defendant timely removed the case to this court, pursuant to 28

U.S.C. § 1446(a) on the basis of diversity of citizenship and an amount in controversy in excess of

$75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a).[1]

Not only does plaintiff's First Amended Petition pray for damages "less than 75,000" but

plaintiff's Motion to Remand stipulates that his damages against defendant do not exceed $75,000

and he has also filed a Stipulation stating that he will not ask, demand or seek damages of more

---

        [1]        There is no dispute as to diversity of citizenship. Plaintiff resides in Missouri and is
thus a citizen of Missouri; defendant is a corporation incorporated under the laws of the State of
Illinois and has its principal place of business in Bloomington and thus is a citizen of Illinois.

than $75,000 exclusive of interests and costs. However, defendant has asserted that the requisite amount in controversy is met in that an objective assessment of the allegations of the original Petition demonstrates that a reasonable jury could find that more than $75,000 exclusive of interest and costs was in dispute at the time the case was removed. Plaintiff's original Petition alleges severe physical injuries to various parts of his body and alleges that his injuries are permanent and progressive; that he has undergone substantial medical care and that in the future he will incur additional medical expenses for future care and treatment of his injuries; that he has suffered, now suffers and will in the future suffer severe pain of body and mind. Defendant argues in light of these injuries it is facially apparent from the original Petition that the amount in controversy exceeds $75,000 exclusive of interest and costs.

Federal Courts are courts of limited jurisdiction and a lack of federal subject matter jurisdiction cannot be waived. Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998). The purpose of the removal statute is to restrict and limit removal jurisdiction, therefore the statute is to be construed narrowly and any doubt should be resolved against removal jurisdiction. American Fire and Cas. Co. v. Finn, 341 U.S. 6 (1951). The party asserting federal jurisdiction has the burden of establishing that the amount in controversy requirement is met. Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809, 814 (8th Cir. 1969).

Where a case is originally brought in federal court and a defendant attempts to dismiss on amount-in-controversy grounds, defendant must prove to a legal certainty that plaintiff cannot recover the amount claimed. St. Paul Mercury Indem., Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). St. Paul is the seminal amount-in-controversy case and its logic controls the analysis in the instant case. From the reference cited above, "it is equally evident that the 'legal certainty' standard should apply to cases removed to federal court from state court where the plaintiff's prayer for damages in the state court exceeds the federal amount-in-controversy requirement." Gafford v. General Electric Co., 997 F.2d 150, 157 (6th Cir. 1993). However, the standard to apply when testing the jurisdictional sufficiency of the amount-in-controversy in a removed case where the complaint,

as required by state procedural rules, is not specific as to the amount of recovery expected, is not easily resolved. See Gafford, 997 F.2d at 155-160 (outlining and discussing various approaches taken in case law to disputes about amount-in-controversy in removed cases and concluding the "preponderance of the evidence (more likely than not) test is the best alternative.) See also Bolling v. Union National Life Ins. Co., 990 F.Supp. 400, 405 (M.D. Ala. 1995) (noting that if defendant had to prove the factual predicate for federal jurisdiction to a legal certainty, it would place the defendant in the unenviable position of having to prove plaintiff's case. Citing Garza v. Bettcher Industries, Inc., 752 F. Supp, 753, 756 (E.D. Mich. 1990)).

The amount in controversy is determined as of the time the action is commenced in federal court and subsequent events cannot destroy the court's jurisdiction once it has been acquired. Bank IV Salina, N.A. v. Aetna Casualty & Surety Co., 783 F. Supp. 1315 (D. Kan. 1992). The plaintiff cannot, after removal, deprive the district court of jurisdiction by stipulation, affidavit or by amendment of his pleadings. St. Paul, 303 U.S. at 292.

It is clear and accepted without question that "[i]f [the plaintiff] does not desire to try his case in the federal court, he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." St. Paul, 303 U.S. at 294. However, state rules such as Missouri's Rule 55 which do not require damages to be pled as a specific amount may enable a plaintiff to claim in his petition an amount lower than the federal amount-in-controversy in an attempt to defeat federal jurisdiction "while actually seeking and perhaps obtaining damages far in excess of the federal requirement." Gafford, 997 F.2d at 157-58.

Although the amount-in-controversy is determined at the time the action is commenced in federal court and *subsequent* stipulations cannot deprive the court of jurisdiction, where, as here, the original state court petition is unclear as to the actual amount, the Western District of Missouri has determined that a stipulation as to the amount sought by plaintiff *at the time of removal* does not violate the principle and strikes a balance between the right of plaintiff to choose a forum and

the right of a defendant to remove.  Workman v. Kawasaki Motors Corp. USA, 749 F. Supp. 1010 (W.D. Mo. 1990)  In Workman the state court petition did not state the amount of damages sought. In seeking remand the plaintiff stipulated to a cap on the damages.  This cap allowed the court to find with legal certainty that at the time of removal the amount-in-controversy did not exceed $50,000.00, the legal limit at the time the case was decided. Id. at 1011.

The court finds a Workman-like approach to be the correct approach.  For the court to look to the petition and pre-judge the value of the case based on boiler plate verbiage designed to cover every eventuality that the evidence could conceivably show is patently unfair.  A binding stipulation by plaintiff filed both in state and federal court stating that defendant does not seek, and will not ask for or accept an amount in damages in excess of $75,000 exclusive of interest and costs protects both plaintiff and defendant and allows the court to find with legal certainty that the amount in controversy *at the time of removal* did not and does not exceed $75,000 exclusive of interest and costs.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is GRANTED. [Doc. 7]

IT IS FURTHER ORDERED that Plaintiff shall file in state court the stipulation [Doc. 9] filed in this court.

IT IS FURTHER ORDERED that the Clerk of the Court shall take all appropriate administrative action to remand this case to the Circuit Court of the City of St. Louis.

IT IS FURTHER ORDERED that the Order Setting Rule 16 Conference is VACATED. [Doc. 6]

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this    2nd    day of  December, 2005.